UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 10-200-JBC

NANCY HARNEY, ET AL.,                                          PLAINTIFFS,

V.                    MEMORANDUM OPINION AND ORDER

JOHN WALDEN,                                                   DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon Nancy Harney's motion for partial summary judgment (R. 47).  Because John Walden has no right to lifetime employment under Kentucky law, but genuine disputes of material fact exist regarding his right to lifetime tenancy, the court will grant the motion in part and deny it in part.

Walden claims that a November 2009 Agreement purportedly entered into between Walden and Harney grants him both lifetime tenancy in a residence on Stoner Mill Farm in Bourbon County, Kentucky, known as the Tree House (or Creek House), and lifetime employment by Happy Tails Animal Sanctuary, LLC, and Stoner Mill Farm.  Harney maintains that the Agreement is a forgery; however, the court necessarily accepts the validity of the Agreement for purposes of this motion. *See Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 332 (6th Cir. 2008).  Harney therefore argues that summary judgment is warranted even if the Agreement is

deemed valid, because Walden has no rights under the Agreement to lifetime employment or lifetime tenancy.

Harney is entitled to judgment as a matter of law on the issue of whether Walden has a right to lifetime employment under the Agreement, because the Agreement provides only for an at-will employment relationship. Numbered paragraph 3 provides that:

> Walden shall continue to be employed by Happy Tails Animal Sanctuary, LLC and Stoner Mill Farm for as long as he shall live and shall be entitled for as long as he lives to receive a salary of not less than $65,000 per annum. He shall also receive in addition to his salary health insurance benefits similar to those he is currently receiving.

This provision is not supported by any separate consideration beyond Walden's continuing to work, see *Edwards v. Ky. Utilities Co.*, 150 S.W.2d 916, 918 (Ky. 1941), and is therefore unenforceable as a contract for permanent employment. *Id.* Rather, the language of the Agreement provides only for an at-will employment relationship, terminable by either party at any time. *Id*. Parties may enter into an employment agreement that provides the employee will be terminated only pursuant to its express terms by clearly stating their intention to do so, see *Shah v. American Synthetic Rubber Corp.*, 655 S.W.2d 489, 492 (Ky. 1983), but that is not the case here, as the Agreement provides no grounds for termination at all. The termination of Walden's employment is effective regardless of the validity of the Agreement. Furthermore, because the Agreement's provision of lifetime employment is unenforceable, the provisions in numbered paragraph 3 that are contingent upon it, including health insurance benefits and the obligation of

Harney's estate to create a trust to fund Walden's continued employment and health insurance, are also unenforceable.  As there is no genuine dispute of material fact on this issue, *see* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), the court will grant summary judgment.

   Genuine disputes of material fact do exist on the issue of whether Walden is entitled to lifetime tenancy in the Tree House, and summary judgment is therefore inappropriate on that issue. Numbered Paragraph 1 of the Agreement provides that in consideration for services previously rendered, "Walden shall be allowed to live in the Creek House for the balance of his lifetime, without payment of any rent or other compensation.  All utilities, insurance and maintenance expenses for the Creek House shall be paid by Harney or an entity of which is a principal."  The Stoner Mill property was owned in November 2009 by Geneva Jet Limited Partnership.  Harney, as a limited partner in that partnership, had no authority to bind the partnership to such an arrangement, *see* KY. REV. STAT. ANN. § 362.2-302, nor did she have apparent authority to bind the limited partnership under the facts asserted by Walden.  Walden has alleged only that Harney asserted her authority to act on behalf of the partnership and that it did not counteract any of her decisions; however, apparent authority arises only where the principal holds out an agent as having such authority.  *See Mill Street Church of Christ v. Hogan*, 785 S.W.2d 263, 267 (Ky. Ct. App. 1990).  The Agreement makes clear that Harney was acting in her personal capacity rather than under any authority from the partnership, as it provides that "Harney shall use her best efforts to cause Geneva

Jett, Inc. [sic] to honor her commitment to Walden that he will be allowed to reside in the Creek House for the balance of his lifetime without any rent or other compensation."

That Harney had neither actual nor apparent authority to bind the partnership is not dispositive, however, on the issue of Walden's lifetime tenancy. The same language which provides that Harney shall use her best efforts to cause the limited partnership to honor the Agreement assigns a personal obligation to Harney to ensure Walden's continued right to tenancy in the Tree House. Even though she could not bind the partnership, she was required by the Agreement to intercede on his behalf with the partnership to the extent possible, if necessary. The partnership deeded the Stoner Mill Farm property to Harney in January 2010. In the same instrument, she deeded it to the Nancy Harney Declaration of Trust, of which she is trustee. Thus, while Harney may have been without legal authority to bind the partnership, she was in a position to ensure Walden's lifetime tenancy once she obtained full control over the property. Under these circumstances, the issue of whether the Agreement provides Walden with a right to lifetime tenancy cannot be resolved by merely deciding the issue of whether Harney had authority to bind the partnership. As genuine disputes of material fact exist, the issue of Walden's right to lifetime tenancy cannot be decided on summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that the motion for partial summary judgment (R. 47) is **GRANTED** on Count I and **DENIED** on Count II of the First Amended Complaint.

Signed on August 26, 2011

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

5