UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 10-200-JBC**

**NANCY HARNEY, ET AL.,**                                                  **PLAINTIFFS,**

**V.**           **MEMORANDUM OPINION AND ORDER**

**JOHN WALDEN,**                                                                **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on John Walden's motion for an order directing the plaintiffs to show cause why they should not be held in contempt for violating the settlement agreement between the parties (R. 239). The court entered an agreed order dismissing this case, with prejudice, as settled on March 30, 2012. When further disputes between the parties arose over the enforcement of the settlement agreement, Walden obtained new counsel, who filed the present motion. Because the court does not have jurisdiction over the enforcement of the parties' settlement agreement, it will deny the motion.

As a preliminary matter, the court notes that the parties mention two pending state court actions, one in Bourbon Circuit Court and one in Fayette Circuit Court, both filed in June 2012, that request enforcement of their settlement agreement. The parties do not address the interplay of these two state court actions with each other or the effect the existence of those actions would have on

1

this court's exercise of jurisdiction. Before this court could consider taking jurisdiction over the current dispute, the parties would have to address these issues.

Another ground, however, precludes this court's exercise of jurisdiction to enforce the settlement agreement between the parties. Federal courts are courts of limited jurisdiction, and the burden of establishing that a case is within the federal court's jurisdiction rests upon the party asserting jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "Enforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id.* at 378. Walden has provided no such basis that would enable this court to take jurisdiction over the settlement dispute. The settlement agreement was neither entered into the court record nor integrated into the order of dismissal, and the parties did not request the court to retain jurisdiction over its enforcement. *Id.* at 381. Walden has provided no other independent basis that would justify the exercise of federal jurisdiction. *Id*. at 382. Walden has therefore not met his burden of establishing that this court has jurisdiction to enforce the terms of the settlement agreement. Accordingly,

**IT IS ORDERED** that the motion to show cause (R. 239) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for hearing (R. 243) is **DENIED**.

Signed on July 13, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY