UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 10-200-JBC**

**NANCY HARNEY, ET AL.,**                                                **PLAINTIFFS,**

**V.**             **MEMORANDUM OPINION AND ORDER**

**JOHN WALDEN,**                                                         **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on John Walden's motion to reopen this case pursuant to Fed. R. Civ. P. 60 (R. 247).[1] Walden asserts that his agreement to the motion and proposed order dismissing this case as settled was made through mistake or inadvertence, or that the court should relieve him from its order dismissing the case due to the extraordinary circumstances surrounding the parties' post-settlement interactions. He also seeks a new trial pursuant to Fed. R. Civ. P. 59. The court will deny the motion because Walden's allegations do not justify relief from the court's order dismissing this case, which the parties jointly submitted and upon which they agreed.

The mistake and inadvertence Walden alleges are not grounds to grant relief from the order of dismissal pursuant to Fed. R. Civ. P. 60(b)(1). First, he argues

---

[1] Walden's motion cites "Civil Rule 60.02" and "CR 59.02" as his bases for relief; the court has construed all such references to the Kentucky Rules of Civil Procedure to refer to their closest equivalents in the Federal Rules of Civil Procedure.

1

under the heading "Mistake" that "this case should never have been dismissed based upon the vague Settlement Agreement entered into by the parties on March 16, 2012." R. 247 at 1. It is unclear whether Walden is alleging that he made a mistake in agreeing to the order dismissing the case, or that the court made a mistake in dismissing the action. As the order dismissing the case was agreed upon by the parties, *see* R. 234, and the parties did not make the court privy to the Settlement Agreement before submitting the agreed order of dismissal, the court interprets Walden's argument to mean that he made a mistake in executing the Settlement Agreement and in agreeing to dismiss the action. Regrets that things did not work out the way one had planned, however, do not make the decision to enter into a settlement agreement a "mistake" that would justify the relief Walden seeks. "One who attacks a settlement must bear the burden of showing that the contract he had made is tainted with invalidity, either by fraud practiced upon him or by a *mutual mistake* under which *both parties acted*." *Brown v. County of Genesee*, 872 F.2d 169, 174 (6th Cir. 1989) (quoting *Callen v. Pennsylvania R.R. Co.,* 332 U.S. 625, 630 (1948)) (emphasis in original). Walden has provided no evidence that such a mutual mistake occurred in this case.

Likewise, Walden has failed to show any inadvertence on behalf of the parties or the court that justifies relief. He argues that the parties have, post-dismissal, "failed to pay careful and prudent attention to the Agreement, and fail[ed] to follow through on a final document." R. 247 at 2. This describes not

2

inadvertence preceding the dismissal that could now be cured by the court, but rather a cause of action for breach of the Settlement Agreement. That dispute is currently pending before the Fayette Circuit Court. No mistake or inadvertence exists that would justify reopening this case.

Walden also asks the court to reopen this case pursuant to Fed R. Civ. P. 60(b)(6) due to the extraordinary circumstances the parties have encountered in attempting to enforce the Settlement Agreement. This court, however, does not even have jurisdiction to enforce the Settlement Agreement, particularly in light of the existing Fayette Circuit Court action that exists for that purpose. Enforcement of a settlement agreement from a dismissed federal case, where the federal court has not explicitly retained jurisdiction over the agreement in the order of dismissal by way of a separate provision or by incorporating the agreement into the order, is the proper province of the state courts. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994); *Moore v. United States Postal Serv.*, 369 Fed. App'x 712, 716 (6th Cir. 2010). *Kokkonen*, however, provides that a federal court may enforce such a settlement agreement where "there is some independent basis for federal jurisdiction." 511 U.S. at 382. In this circumstance, diversity of the parties would have served as such an independent basis had Walden timely removed the currently pending action from Fayette Circuit Court. The Fayette action was initiated on June 18, 2012, and Walden filed his now-terminated action in Bourbon Circuit Court on the same date. At no time did Walden attempt removal

3

from Fayette Circuit Court, and such removal is no longer permitted under 28 U.S.C. § 1446. Accordingly, the court does not have any independent basis to exercise jurisdiction over the enforcement of the Settlement Agreement, and the issues the parties have encountered in their attempted enforcement of the agreement do not justify this court's taking the extraordinary step of reopening this case and enjoining the action in the Fayette Circuit Court.

Walden also seeks a new trial pursuant to Fed. R. Civ. P. 59; however, as no trial or judgment occurred in this case, no such relief is available.

Accordingly,

**IT IS ORDERED** that Walden's motion (R. 247) is **DENIED**.

Signed on September 19, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY